KELLEY *v.* DAVISON.

1. MASTER AND SERVANT—PERSONAL INJURIES—LOGS AND LOGGING— INSUFFICIENT TOOLS.

> Where plaintiff, who was engaged in work of a teamster, was sent by defendant's son and superior agent to get a load of lumber, and upon examining the chain which was provided for the purpose of loading the materials the plaintiff discovered that there was no grab hook attached to the chain and complained about it to the son, who ordered him to use the chain which was so provided, and where the load shifted by reason of being insufficiently secured, throwing plaintiff to the ground and seriously injuring him, plaintiff, who knew what kind of tools and implements were required for the purpose in question, was charged with the assumption of the risk arising from the fact that the chain was not suitable.

2. SAME—APPEAL AND ERROR—DIRECTED VERDICT.

> The direction of a verdict for the defendant on the ground. that plaintiff had failed to show any negligence on his part, while not justified upon such ground, was a proper disposition of the case 'and must be affirmed if a sufficient reason existed for directing a verdict in defendant's favor.

Error to Alpena; Emerick, J. Submitted January 21, 1914. (Docket No. 5.) Decided March 18, 1915.

Case by August Kelley against Samuel Davison for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Frank D. Scott* and *C. S. Reilley*, for appellant.
*Joseph H. Cobb*, for appellee.

McALVAY, J. Plaintiff brought suit against defendant to recover damages for personal injuries received by him while in the employment of defendant, claimed to have been caused by the negligence of defendant's representative. At the close of plaintiff's case defendant moved for a directed verdict in his behalf against plaintiff. This motion was granted, and a judgment upon said verdict was afterwards entered. From such judgment plaintiff has removed the case to this court for review and reversal upon errors duly assigned. The facts in the case, briefly stated, are as follows:

Plaintiff, a young man of the age of 27 years, an experienced teamster, was employed by defendant on July 9, 1910, to drive one of his teams, with wages fixed at the rate of $1.75 per day, and was told that defendant's son would give him his orders what to do. He was ordered by the son on that day to go to the farm and get a load of hay. He did this, hauling the hay to Alpena the same night.

On Monday morning following he went to defendant's barn, where he saw defendant, and in his presence received orders from defendant's son as to the work for the day. He unloaded the hay which he had hauled on Saturday, and was then ordered to go to Long Lake that afternoon to bring down a load of lumber. Plaintiff stated for such work it would be necessary to get a tire set on the wagon, have the team shod, and get chains together. He said he required two chains, and was told by the son only one chain was necessary for that work. He replied that

he had never hauled lumber with one chain. He then went to the barn with the son to look up chains, and found a big logging chain, and plaintiff was asked how that would do for one. He said it was not the right kind of chain to use to bind lumber, and explained that it was an ordinary logging chain used in the woods, that it would not do on account of large links, and it had no grabhook. Defendant's son then looked for other chains in the barn.· He found some cross chains on a set of logging sleighs and wanted to know how they would do. Plaintiff said they would not do unless they were fixed, and offered to take them to the blacksmith shop for that purpose. The son would not allow this on account of the expense. He said:

"You take that big chain and go up there this afternoon and fetch down that load of lumber. While you are gone I will find a new one for you. If I don't, you will have lots of time tomorrow to get that one fixed."

Plaintiff, leaving his wagon at the blacksmith shop, did as he was ordered, and took his team six miles from Alpena to Beck's mill to get the lumber. When he arrived at the mill two workmen had already begun to load the wagon he was to use. Plaintiff helped finish the load, and used the logging chain, which had been furnished him for that purpose, to bind it. He put a plank on top of the load, put the big chain ·around it, drawing the end through the ring, pulled it up as tight as he could, and put two half hitches in it. This chain was 16 or 18 feet long, with very large links made of one-half inch iron. To make it tighter, he held on to the end of the chain where he had tied it, and the two men got on top of the load, one raised the front end of the plank, and the other put a plug, or block, underneath it. This was a load of hemlock plank. The plank used to tighten the chain was 10 inches wide and 18 feet long.

Plaintiff then hitched on his team and started back

with the load, riding on top, sitting on the front end of the plank, which was raised up, and his weight upon it tightened the chain. In the mill yard there was sawdust for some distance, which made the pulling heavy. When he got through the sawdust he stopped the team, got down and looked over the load, which appeared all right, then drove along the road to a bridge which was quite rough. After crossing the bridge a boy came along and asked if he could ride, which was permitted. When the boy got on the wagon plaintiff got off and asked him to drive up the little hill just in front and wait for him at the top. This was done, and plaintiff, coming up to the wagon, again looked at the load and found it all right. He then got on and, after driving a short distance, this plank on which he was sitting suddenly swung to one side of the load, throwing him off upon the ground, and one of the wagon wheels passed over his leg, breaking it. It was so severely injured that amputation was necessary a few days later.

The principal error assigned and relied upon relates to the action of the court in directing a verdict for the defendant.

The negligence which plaintiff relies upon in this case is that defendant failed and refused to furnish him a suitable chain with which to bind the load of lumber upon the wagon; that the chain he furnished was a large, heavy logging chain which had no grabhook upon the end of it, by reason of which it was unsuitable for such work. Plaintiff, at the time he took this chain, examined it thoroughly, knew exactly its size, length, and condition, and also that it had no grabhook. It appears that he called the attention of defendant's son to the fact that he did not consider it a suitable chain to use for the purpose intended, and, being ordered to take and use it, he did so.

Plaintiff was an experienced teamster, well ac-

quainted with hauling lumber by team. He took the chain and assisted in placing it around the load, as he testifies, drawing it as tight as possible, he fastened it with two "half hitches."

It is urged by defendant that plaintiff, upon his own admission, must be held to have assumed the risk of using this chain. If this chain was defective, it was as well known to him as to the defendant, and he used it with such knowledge. We agree with this contention, and cannot avoid the conclusion that plaintiff, upon his theory that the chain was not suitable for the purpose of binding this load of lumber, took it with such knowledge and used it to bind the load, and must be charged with the assumption of the risk of injury therefrom. This rule is too well settled to require the citation of authorities.

There are other questions presented in the case relative to whether there was negligence shown on the part of defendant and as to the contributory negligence of plaintiff. We do not think it necessary to discuss them, as the case is disposed of on the ground already considered.

The learned trial judge held that no negligence on the part of defendant had been shown, and directed a verdict upon that ground. The plaintiff was not entitled to recover, and therefore it was not error to direct a verdict for defendant. The fact that the reason given by the trial court why plaintiff could not recover is not the one which this court relies upon does not make the direction of the verdict erroneous, for the reason that the result was the correct one.

The judgment of the circuit court is affirmed.

BROOKE, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred with MCALVAY, J.

OSTRANDER, J. I concur upon grounds stated in the opinion, and the further ground that no negligence of defendant is shown.